Allen SHARP, Lieutenant Colonel, United States Air Force Reserves,
Appellant,

v.

Caspar WEINBERGER, Secretary of Defense, et al.

No. 84-5666.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 18, 1985.

Decided Aug. 22, 1986.

Charles W. Halleck, Washington, D.C., for appellant.

John Oliver Birch, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C. were on brief, for appellees.

Before BORK and SCALIA, Circuit Judges, and FRIEDMAN,* Circuit Judge for the United States Court of Appeals for the Federal Circuit.

Opinion for the Court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge:

On April 6, 1984, the United States Department of Defense revised its Directive 1200.7 to require that all members of the Ready Reserve who also were "key" federal employees—a category defined to include, among others, federal judges—be discharged or transferred to either the Standby or the Retired Reserve. Appellant, Chief Judge for the United States District Court for the Northern District of Indiana and a Lieutenant Colonel in the Air Force Ready Reserve, was informed that he was to be transferred to the Standby Reserve pursuant to the Directive. He filed suit in the United States District Court for the District of Columbia against Secretary of Defense Caspar Weinberger and Secretary of the Air Force Verne Orr,

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1982).

in their official capacities, seeking a declaration that the planned transfer was unlawful and an injunction preventing it. The District Court granted the defendants' motion to dismiss for failure to state a claim, 593 F.Supp. 886. Appellant then filed this appeal. The most significant issue warranting discussion is whether this court or the Court of Appeals for the Federal Circuit has jurisdiction.

## I

■ Appellees argue that the jurisdiction of the District Court was based in part on the "Little Tucker Act," 28 U.S.C. § 1346(a)(2) (1982), which grants district courts original jurisdiction, concurrent with that of the United States Claims Court, over civil claims "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States...." If appellees are right, we lack jurisdiction over this appeal, because section 127(a) of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, 37 (codified at 28 U.S.C. § 1295(a)(2) (1982)), vests the United States Court of Appeals for the Federal Circuit with exclusive jurisdiction over "an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part," on the Little Tucker Act.

If there is a less profitable expenditure of the time and resources of federal courts and federal litigants than resolving a threshold issue of which particular federal court should have jurisdiction, it does not come readily to mind. It is particularly regrettable, therefore, that the above-quoted jurisdictional provision is so imprecisely drawn. Its language could reasonably be read to establish one or more of six quite different criteria for exclusive Federal Circuit jurisdiction:

(1) That the district court's jurisdiction "was based" on the Little Tucker Act in the sense that the district court in fact invoked that law with regard to one of the claims, whether or not there was a valid basis to do so.

(2) That it "was based" on the Little Tucker Act in the sense that there was a valid basis for Little Tucker Act jurisdiction over one of the claims, whether or not that jurisdiction was essential to the court's judgment (as it would not be, for example, if a separate and independent ground of jurisdiction over the claim existed).

(3) That the judgment with regard to one of the claims rested exclusively upon valid Little Tucker Act jurisdiction.

(4), (5) & (6) That in addition to (1), (2) or (3), respectively, the district court's disposition of the claim assertable under the Little Tucker Act is one of the issues raised on appeal.

This Circuit has rejected (1) (and hence (4)) as the criterion for exclusive Federal Circuit jurisdiction. *See Van Drasek v. Lehman*, 762 F.2d 1065, 1071 (D.C.Cir.1985).[1] The present appeal does not require us to select among the remaining alternatives,[2] since the requirement common to all of them—a valid basis for Little Tucker Act jurisdiction—is not met.

1. *Van Drasek* might be read narrowly to decide only the precise question raised by the facts before it—that "subjective" district court reliance on the Little Tucker Act is not a *necessary* predicate for exclusive Federal Circuit jurisdiction, leaving open the question whether such reliance is a *sufficient* predicate. The underlying rationale of *Van Drasek* was quite broad, however, and clearly embraces the proposition that "subjective" district court reliance on the Little Tucker Act is simply irrelevant to the jurisdictional question. *See* 762 F.2d at 1068.

2. We note that the Federal Circuit, whose views on these matters are assuredly entitled to spe-

cial respect, appears to have rejected alternatives (4), (5) & (6) in a somewhat different context. The Federal Courts Improvement Act also gives the Federal Circuit exclusive jurisdiction over appeals from final decisions of district courts based in whole or in part on 28 U.S.C. § 1338 (patent, copyright, trademark and unfair competition claims). *See* 28 U.S.C. § 1295(a)(1). In *Panduit Corp. v. All States Plastic Manufacturing Co.*, 744 F.2d 1564, 1573 (Fed.Cir.1984) (per curiam), the Federal Circuit relied upon this provision to exercise jurisdiction over an appeal from a district court order disqualifying an attorney in a patent case, even

Appellant advanced the following claims before the District Court: that reassigning reservists because they are federal judges is prohibited by 5 U.S.C. § 5534 (1982), which permits reservists to accept civilian employment from the federal government; that appellees were contractually committed to retain appellant in the Ready Reserve until August 31, 1986 under the terms of a Ready Reserve Service Agreement; that that commitment gave appellant a vested property interest which appellees sought to deny without due process; that appellees' failure to apply Directive 1200.7 to other federal judges in the Ready Reserve denied appellant equal protection; and that appellees were estopped from applying or had waived any right to apply Directive 1200.7 to appellant. In his prayer for relief, appellant asked the District Court to enjoin appellees from transferring appellant before August 31, 1986; to declare that Directive 1200.7 is contrary to statute or in the alternative that it effects a material breach of the Ready Reserve Service Agreement; to declare that appellees' failure to honor the terms of that contract deprived appellant of due process; to declare that appellees' failure to follow their own regulations deprived appellant of due process and equal protection; and to award appellant costs and all other relief deemed just and proper.

These claims and prayers, all of which are at issue on this appeal, can be divided for presently pertinent purposes into three categories. First, appellant complains that his transfer would be contrary to regulations, statutes and the Constitution, and seeks a declaration to that effect and an injunction of the transfer. Such claims, *i.e.,* suits by federal employees seeking *only* equitable relief from allegedly unlawful employment decisions by federal officials, have been entertained in the federal courts at least since *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). *See Sampson v. Murray,* 415 U.S. 61, 71, 94 S.Ct. 937, 943, 39 L.Ed.2d 166 (1974). Although it is unclear what constituted the waiver of sovereign immunity

necessary to the entertainment of such suits prior to the passage of the 1976 amendments to the Administrative Procedure Act, Pub.L. No. 94–574, § 1, 90 Stat. 2721 (1976) (codified at 5 U.S.C. § 702 (1982)), it is clear that § 702 now constitutes a waiver of sovereign immunity from such nonmonetary suits, and that district courts have jurisdiction over them under 28 U.S.C. §§ 1331 (general federal question), 1361 (action in the nature of mandamus), & 2201–2202 (declaratory judgment). *See, e.g., Van Drasek v. Lehman,* 762 F.2d at 1068–69 (dicta); *Dronenburg v. Zech,* 741 F.2d 1388, 1389–91 (D.C.Cir.1984).

■ That part of appellant's complaint and prayer seeking a declaration that he had a valid contract with appellees and an injunction requiring appellees to perform that contract likewise does not rest upon the Little Tucker Act—but does not rest upon any other jurisdictional basis either. The sole remedy for an alleged breach of contract by the federal government is a claim for money damages, either in the United States Claims Court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), or, if damages of no more than $10,000 are sought, in district court under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1982). *See e.g., Megapulse, Inc. v. Lewis,* 672 F.2d 959, 966–68 (D.C.Cir.1982); *International Engineering Co., Division of A–T–O, Inc. v. Richardson,* 512 F.2d 573, 577–81 (D.C. Cir.1975), *cert. denied,* 423 U.S. 1048, 96 S.Ct. 774, 46 L.Ed.2d 636 (1976); *see also North Side Lumber Co. v. Block,* 753 F.2d 1482, 1484–86 (9th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985) (*"North Side Lumber"*). The waiver of sovereign immunity in the Administrative Procedure Act does not run to actions seeking declaratory relief or specific performance in contract cases, because that waiver is by its terms inapplicable if "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought," 5 U.S.C. § 702, and the Tucker Act and Little Tucker Act impliedly forbid such relief. *See Ramirez de Arellano v. Weinberger,* 745 F.2d 1500,

though that appeal obviously did not present any question of patent law.

1525 (D.C.Cir.1984) (en banc), *vacated on other grounds,* —— U.S. ——, 105 S.Ct. 2353, 86 L.Ed.2d 255 (1985); *id.* at 1553 (Scalia, J., dissenting); *see also North Side Lumber,* 753 F.2d at 1484–86. We know of no case in which a court has asserted jurisdiction either to grant a declaration that the United States was in breach of its contractual obligations or to issue an injunction compelling the United States to fulfill its contractual obligations.[3] We therefore hold that the District Court lacked jurisdiction—under the Little Tucker Act or otherwise—over appellant's claim for a declaration that appellees would violate their contractual obligations if they transferred him and for an injunction preventing the transfer on that ground.[4] We vacate that part of the judgment that addresses the merits of this claim and remand it to the District Court with instructions to dismiss for lack of jurisdiction.

Finally, appellant asked the District Court to award him costs and all other relief deemed just and proper. That request was surplusage, of course, since FED. R.CIV.P. 54(c) independently requires that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Thus, it might be argued that in any case in which the plaintiff neither specifically requests nor specifically waives recovery of monetary damages under the Little Tucker Act,[5] and in which the district court has jurisdiction to award such damages, the district court necessarily exercises Little Tucker Act jurisdiction in fulfilling its obligation under Rule 54(c) to determine whether the plaintiff is entitled to such

damages. On this theory, this court would be unable to determine whether it had jurisdiction of an appeal in a suit involving the federal government until it first determined whether the district court would have had jurisdiction to grant Little Tucker Act relief had the plaintiff been entitled to such relief, even where, as here, the plaintiff did not request such relief, the District Court failed to grant it, and the plaintiff objected to that failure neither before the District Court nor on appeal. Because we think it a permissible reading of the statutory language that a district court's jurisdiction is not based in whole or in part on the Little Tucker Act if the district court neither is asked to grant nor does grant any relief under that Act; and because no policy would be served and much time would be wasted by the investigation that the alternative reading would entail; we hold that the mere existence of the Rule 54(c) obligation (and its reiteration in appellant's prayer for relief) had no bearing on the question whether the jurisdiction of the District Court was based in whole or in part on the Little Tucker Act, and thus no bearing on this court's appellate jurisdiction.

To summarize our jurisdictional conclusions: The District Court properly exercised jurisdiction to consider appellant's claim that his reassignment would violate federal regulations, statutes and the Constitution, and its judgment on this claim was not based on the Little Tucker Act. The District Court lacked jurisdiction over appellant's claim for a declaration that the United States was in material breach of its contractual obligations and for an injunction preventing that breach. The District

---

3. Two Ninth Circuit cases—*Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376 (9th Cir.1981), and *Rowe v. United States,* 633 F.2d 799 (9th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981)—might be read as inconsistent with the statement in text. In *North Side Lumber,* however, the Ninth Circuit authoritatively rejected that reading, *see* 753 F.2d at 1485–86.

4. In light of this conclusion we need not decide whether jurisdiction was in any event absent because of appellant's failure to comply with the administrative mechanisms established by the

Contract Disputes Act of 1978, Pub.L. No. 95–563, 92 Stat. 2383 (codified at 41 U.S.C. §§ 601–13 (1982)), applicable to "express or implied contract[s] ... for ... the procurement of services" by the federal government. *See* 41 U.S.C. § 602(a)(2) (1982).

5. There is some question whether appellant waived any monetary damages in a memorandum submitted in support of his complaint. For purposes of the following discussion we assume that he did not.

Court did not have before it, for jurisdictional purposes, any claim for monetary damages. It follows from these conclusions that the District Court's jurisdiction was based neither in whole nor in part on the Little Tucker Act, and that we have jurisdiction over this appeal.

## II

It is a commentary upon the inartfulness of 28 U.S.C. § 1295(a)(2) that deciding the merits of this appeal is much simpler than deciding which federal court has jurisdiction to do so. Appellant has renewed here most of the contentions addressed by the District Court; as to those claims over which it possessed jurisdiction, we affirm the judgment of the District Court for the reasons given in Judge Oberdorfer's careful opinion.

We have considered and find without merit appellant's contention on appeal that the District Court improperly resolved disputed questions of fact.

The judgment of the District Court is in part affirmed and in part vacated and remanded with instructions to dismiss for lack of jurisdiction.

*So ordered.*