**YORK ASSOCIATES, INC., Plaintiff,**

v.

**The SECRETARY OF HOUSING & URBAN DEVELOPMENT, et al., Defendants.**

**Civ. A. No. 91–3094(CRR).**

United States District Court, District of Columbia.

March 1, 1993.

John J. Knapp of Powell, Goldstein, Frazer and Murphy, Washington, DC, for plaintiff.

Jay Stephens, U.S. Atty., John Bates and Jeffrey T. Sprung, Asst. U.S. Attys., District of Columbia, for defendants.

**18**

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Plaintiff York Associates ("York") brought this action against the Defendants the Department of Housing and Urban Development ("HUD") and the Government National Mortgage Association ("GNMA") pursuant to violations of contracts and agreements among the parties.[1] This action was transferred to the United States Court of Federal Claims by this Court on February 17, 1993 with the voluntary consent of the parties. Following the withdrawal of the Plaintiff's consent, the Court vacated its transfer order on February 24, 1993. The Court now retains the action and considers the Defendants' Motion to Dismiss, which, following voluminous briefs by both sides and a status conference, is ripe for decision. The Defendants move to dismiss the Plaintiff's eleven counts for lack of subject matter jurisdiction and sovereign immunity under Fed. R.Civ.P. 12(b)(1) and (6) arguing only the United States Court of Federal Claims has jurisdiction over the Plaintiff's claims. As Justice Scalia, then Circuit Judge, remarked "[i]f there is a less profitable expenditure of the time and resources of federal courts and federal litigants than resolving a threshold issue of which particular federal court should have jurisdiction, it does not come readily to mind." *Sharp v. Weinberger,* 798 F.2d 1521, 1522 (D.C.Cir.1986).

For the reasons set forth herein, the Court holds that it does not have subject matter jurisdiction as to Counts II, III, IV,[2] V, and VI of the Plaintiff's Complaint and grants the Defendants' Motion to Dismiss as to those counts excepted in the footnote below. The motion is denied as to all other claims and the Court will retain them.

## I. BACKGROUND

This case involves several loan contracts between the Plaintiff York Associates and the Defendant, Department of Housing and Urban Development (HUD), and guaranty agreements among York, HUD and the Defendant, Government National Mortgage Association (GNMA). The terms and operations of these loans is very complicated, but only a limited description of the facts is necessary to decide this motion. The dispute is essentially whether HUD must pay interest on cash reimbursements allegedly made to York (and to GNMA on behalf of York) pursuant to the terms of the loan contracts.

The issue raised by the Defendants' Motion to Dismiss is whether violations of federal statutes and regulations, which were incorporated into the terms of the contracts at issue in this case, state a cognizable claim in federal district court.

York is a multifamily housing mortgage lender, which issued mortgage loans coinsured by the Department of Housing and Urban Development (HUD) pursuant to the National Housing Act (NHA), 12 U.S.C. § 1701 et seq. The multi-family housing loans in this case were made by York which were co-insured by HUD and guaranteed by GNMA. York sought reimbursement following default and cancellation of the loans at various times between April 1988 and April 1990. When a borrower defaults on loans to a lender such as York, that lender allegedly may, under prescribed conditions, elect to seek reimbursement from HUD (called a "default" of the lender). It allegedly may also select reimbursement payments in debentures or in cash. If payment is made in debentures, interest is due from the date of the lender's default.[3] The payments which are the subject of this litigation, were made in cash and did not include an amount equal to the interest on debentures. The Plaintiff asserts that cash payments must include the

---

1. Upon consideration of the fact that Jack F. Kemp is no longer Secretary of Housing and Urban Development, the Court shall substitute the Secretary of Housing and Urban Development in place of Jack F. Kemp in the above-captioned case, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2. The Court finds it does have jurisdiction of the Plaintiff's claim in Count IV only insofar as it states a claim for injunctive relief and by virtue of the waiver of sovereign immunity contained in § 702 of the APA.

3. *See DRG Funding Corp. v. Sec'y, Department of Housing and Urban Development,* 898 F.2d 205 (D.C.Cir.1990).

interest pursuant to 12 U.S.C. § 1735d(a)[4] and seeks to recover that amount in this case.

Additionally, under the terms of some of these loans, GNMA becomes the successor-in-interest to the lender who is in default. In that case, HUD makes reimbursement payments to GNMA, and HUD looks to the lender to make up the shortfall in funds. HUD has made a demand upon York for such a shortfall. It is the Plaintiff's position that the shortfall for which HUD has demanded money from York is the result of HUD withholding interest. GNMA is named as a defendant, because the Plaintiff alleges that GNMA also caused this shortfall by requesting payment in cash when it knew that HUD makes lesser payments in cash than it does when payment is made in debentures.

The Plaintiff seeks damages and declaratory and injunctive relief from HUD and GNMA.

## II. FOR EACH OF THE PLAINTIFF'S CLAIMS, THERE MUST BE SUBJECT MATTER JURISDICTION AND A WAIVER OF SOVEREIGN IMMUNITY IN THE DISTRICT COURT

█ Although the issues of sovereign immunity waiver and subject matter jurisdiction are closely related, they are two separate requirements which must be satisfied for each claim. When an action involving a contract is brought against an agency of the United States government, the key inquiry for disposition of these two questions is whether the source of rights which the Plaintiff asserts is the contract, or if the source is the laws and Constitution of the United States. *Transohio Savings Bank v. Director, OTS,* 967 F.2d 598 (D.C.Cir.1992).

### A. This Court Has No Jurisdiction Over Plaintiff's Claims Which Allege Breach of Contract and Seek Monetary Damages, Because the United States Court of Federal Claims Has Exclusive Jurisdiction Under the "Tucker Acts."

█ The Plaintiff has explicitly stated a claim for breach of contract and prayed for damages in excess of $10,000 in Counts II, IV, V, and VI of its Complaint. The Plaintiff claims that violation of the contracts and agreements creates federal question subject matter jurisdiction.[5] However, federal question subject matter jurisdiction exists only for "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The contracts and guaranty agreements among the parties are not laws or treaties of the United States, and accordingly, a violation of those agreements alone does not create a federal question. There is no other statute that provides subject matter jurisdiction for the Plaintiff's breach of contract claims in a United States District Court. In fact, jurisdiction over contract and damages claims for over $10,000 is granted exclusively to the United States Court of Federal Claims by the "Tucker Acts." 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1).[6] *See Sharp v. Weinberger,* 798 F.2d 1521, 1523 (D.C.Cir.1986). Therefore, this Court cannot adjudicate these claims and need not decide whether sovereign immunity has been waived as to these claims, because a finding that the Court has jurisdiction is a threshold requirement that must be met before considering other grounds for dismissal. *Jones v. State of Georgia,* 725 F.2d 622, 623 (11th Cir.1984).

---

**4.** "If payment is made in cash, it shall be in an amount equivalent to the face amount of the debentures that would otherwise be issued plus an amount equivalent to the interest which the debentures would have earned ..." 12 U.S.C. § 1735d(a).

**5.** Plaintiff's Response to Order to Show Cause dated February 16, 1993, at 3–6.

**6.** The statutes read in pertinent part:
(1) "The district courts shall have original jurisdiction, concurrent with the United States

Claims Court [now Court of Federal Claims], of ... any other civil action or claim against the United States, not exceeding $10,000 in amount ..." 28 U.S.C. § 1346(a); and
(2) "The United States Claims Court [now Court of Federal Claims] shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (parentheses added).

### B. The Plaintiff Has Established Federal Question Subject Matter Jurisdiction by Invoking Federal Statutes and Alleging Claims Under Them.

■ The Plaintiff's remaining claims in Counts I, III, VIII, IX, X, XI, XII and IV (insofar as it makes a claim for injunctive relief under the APA) allege federal question subject matter jurisdiction through federal statutes and regulations, which are incorporated into the documents in questions in this case.[7] The Complaint alleges claims under the National Housing Act (NHA), 12 U.S.C. § 1735d(a), and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 704.[8] The provisions of the relevant sections of the NHA were incorporated into the terms of the contracts here involved. It is hornbook law that a complaint need only contain an allegation of a non-frivolous claim made under federal law in order to defeat a motion to dismiss for lack of subject of matter jurisdiction. *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Here, the Plaintiff has alleged violations of the National Housing Act and injury under the APA. These allegations are sufficient to establish federal question subject matter jurisdiction under 28 U.S.C. § 1331.

### C. Claims for Injunctive and Declaratory Relief Brought Under Federal Statutes Are Not Contract Claims or Claims For Money Damages, and Are Therefore Properly Brought in the United States District Courts

■ The defendants argue that the district court does not have subject matter jurisdiction over these claims, because the statutory violations are really violations of the terms of the contract and are therefore breach of contract claims, which may only be brought in the United States Court of Federal Claims. The defendants make the same argument to claim that there is no waiver of sovereign immunity.[9] The APA § 702 does not waive immunity for damages actions and the Tucker Act provides a waiver of sovereign immunity only in the Court of Federal Claims.

These two issues are both resolved by deciding whether "despite the presence of a contract, plaintiffs' claims are founded only on a contract, or whether they stem from a statute or the Constitution." *Transohio* 967 F.2d at 598. This Court is aware of the law of this Circuit providing that the Plaintiff may not circumvent the jurisdiction of the Court of Federal Claims simply by labelling contract claims as statutory violations. *Sharp v. Weinberger,* 798 F.2d 1521, 1523 (D.C.Cir.1986). Therefore, the question presented still is whether these actions really are contract claims for damages or are they based on the laws or Constitution of the United States.

The Defendants argue, in the first, instance that because the relief requested would compel the payment of money, this action is one for damages. The Supreme Court has explicitly rejected this argument in *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). The Court in *Bowen* found that claims for declaratory and injunctive relief from an agency decision which disallowed payments under a grant-in-aid program were "certainly not actions for money damages" within the meaning of the APA. *Id.* at 893, 108 S.Ct. at 2731. "Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order ... for the 'recovery of specific property *or monies.*'" *Id.* (quoting *Larson v. Domestic & Foreign Commerce*

---

7. Counts I, III, IV(a), and VIII–XII.

8. The applicable provisions of the APA read:
"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.
"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

9. As stated earlier, waiver of sovereign immunity, as well as subject matter jurisdiction for damages and contract actions is provided, under the Tucker Acts, only in the Court of Federal Claims.

*Corp.*, 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949)) (emphasis in *Bowen* ). *See also Maryland Dept. of Human Resources v. Department of Health and Human Services*, 763 F.2d 1441 (D.C.Cir.1985).[10]

On the other hand, the Plaintiff in the instant case alleges that it is entitled, as a matter of law, to specific monies in the form of interest. The Plaintiff also seeks under the APA to reverse GNMA and HUD decisions electing to make payments in cash rather than debentures, which resulted in an alleged shortfall of funds here involved. This Court is persuaded that the Plaintiff is correct, because under *Bowen*, the reversal of an administrative decision is not a claim for money damages even if that reversal will mandate the payment of money.

The defendants also argue that *Bowen* is distinguishable from the instant case, because the equitable relief requested is specific performance of a contract and the source of rights is the contract. The Court of Appeals for this Circuit in *Transohio Savings Bank v. Director, OTS*, 967 F.2d 598 (D.C.Cir.1992) negates the Defendants' argument. The *Transohio* Court applied *Bowen* to an action seeking equitable relief under the APA, 5 U.S.C. § 704 and the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), Pub.L. No. 101–73, 103 Stat. 183 (1989). As in this case, Transohio's rights arose under agreements with a federal agency, the Office of Thrift Supervision (OTS). Although the court in *Transohio* found "that the district court did not have jurisdiction over Transohio's *pure* contract claims, there was jurisdiction over the APA claims. *Id.* at 601 (emphasis added). The Circuit Court further held:

> Litigants may bring statutory and constitutional claims in federal district court even when the claims depend on the existence and terms of a contract with the government.... A federal district court

may accept jurisdiction over a statutory or constitutional claim for injunctive relief even where the relief sought is an order forcing the government to obey the terms of a contract.

*Id.* at 610.

Based upon *Transohio*, this Court holds that it does have jurisdiction over the Counts I, III, IV (insofar as it states a claim for injunctive relief) VIII, IX, X, XI, and XII, which are based on the National Housing Act, 12 U.S.C. § 1735d, and the Administrative Procedure Act, 5 U.S.C. § 704.

### D. The Administrative Procedures Act and the National Housing Act Provide Waivers of Sovereign Immunity For the Plaintiff's Claims for Equitable Relief.

■ Having found that this Court has jurisdiction over the Plaintiff's statutory claims, the Court must still consider whether there is any provision that waives sovereign immunity in this case. Section 702 of the APA waives sovereign immunity as to Counts III, IV, VIII, and IX which claim arbitrary and capricious agency action.[11] The waiver of sovereign immunity contained in 12 U.S.C. § 1702 is applicable to Counts I, X, XI, and XII.

The defendants have made an additional claim that York's statutory claims against HUD are really claims against the United States, because monetary relief awarded to the Plaintiff would necessarily come from the United States Treasury. If that were true, then the only waiver of sovereign immunity would be in the Court of Federal Claims under the Tucker Acts. However, the defendants have admitted that amounts other than damages sought from HUD would be payable

---

10. The Circuit Court of Appeals for this Circuit has distinguished a claim for damages which are given to the plaintiff to substitute for a suffered loss, and specific remedies, which are not substitute remedies, but attempts to give the plaintiff the very thing to which he was entitled. *Maryland Dept. of Human Resources* 763 F.2d at 1446, *supra.*

11. An action in a Court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States. 5 U.S.C. § 702.

from a fund within the Secretary's control.[12] In any event, the Court is obliged to rule that any relief awarded against HUD and GNMA would necessarily include funds within their control. *C.H. Sanders Co., Inc., v. BHAP Housing Development Fund Company, Inc.*, 903 F.2d 114, 120 (2d Cir.1990).

### III. PLAINTIFF'S CLAIMS WHICH LACK SUBJECT MATTER JURISDICTION WILL BE DISMISSED RATHER THAN TRANSFERRED BACK TO THE COURT OF FEDERAL CLAIMS, BECAUSE THEY SEEK RELIEF WHICH IS DUPLICATIVE OF THE CLAIMS WHICH THE COURT RETAINS

■ Having found that this Court does not have subject matter jurisdiction over Counts II, V, VI, and Count IV to the extent it states a claim for damages, the Court may dismiss them under 12(b)(1) or transfer them pursuant to 28 U.S.C. § 1631 to the United States Court of Federal Claims.

Section 1631 requires that in order to transfer an action, the district court must make a finding that: (1) it lacks jurisdiction, (2) it is in the interests of justice to transfer, and (3) that the Court of Federal Claims would have had jurisdiction when the action was originally filed. *Id.* The Plaintiff has admitted that the relief sought in these Counts is completely duplicative of the counts that the Court will retain.[13] Therefore, it would serve no useful purpose to have this litigation continue in the two courts simultaneously, and the interests of justice would not be served through another transfer. Accordingly, those counts shall not be transferred but shall be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court shall dismiss Counts II, V, VI and Count IV (to the extent that it states a claim for damages. As the Court has retained counts I, III, IV (to the extent that it states a claim for injunctive relief), and VIII–XII, and because the Plaintiff has indicated that the entire action can be disposed of through Summary Judgment,[14] the Court shall order the plaintiff to file its motion for Summary Judgment within fifteen (15) days of receipt of the attached order. The defendants shall have ten (10) days to file their opposition to the Plaintiff's Summary Judgment motion, and the Plaintiff shall have ten (10) days thereafter within which to file their reply thereto. After the parties have submitted all papers, the Court shall schedule oral argument thereon.

### ORDER

Upon consideration of the Defendants' Motion to Dismiss discussed in the Court's Opinion of even date herewith, the record herein, and the applicable law, it is, by this Court, this 26 day of February, 1993,

ORDERED that the Defendants' Motion to Dismiss as to Counts II, IV (to the extent it pleads a claim for damages and breach of contract), V, and VI, shall be and hereby is GRANTED; it is

FURTHER ORDERED that the Defendant's Motion to Dismiss as to Counts I, III, IV (to the extent it pleads an action for injunctive relief), VIII, IX, X, XI, and XII shall be and hereby is DENIED; it is

FURTHER ORDERED that the Plaintiff York Associates shall file a motion for Summary Judgment within fifteen (15) days of the date of this Order; it is

FURTHER ORDERED that the Defendant file its Opposition to the Summary Judgment motion within ten (10) days thereafter; it is

FURTHER ORDERED that the Plaintiff file its Reply within ten days thereafter; it is

FURTHER ORDERED that a hearing on the motion for Summary Judgment shall be and hereby is set for April 20, 1993, at 10:00 a.m.; and it is

**12.** Defendant's Response to Order to Show Cause, dated February 17, 1993, at 2.

**13.** Plaintiff's Letter to Court of February 18, 1993, at 3.

**14.** Plaintiff's Letter to Court of February 18, 1993, at 3.

FURTHER ORDERED that pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Secretary of Housing and Urban Development shall be and hereby is substituted in place of Jack F. Kemp in the above-captioned case.