Roxann J. **FRANKLIN–MASON, Plaintiff,**

v.

**B.J. PENN, Secretary of the Navy, Defendant.**

Civil Action No. 96–2505 (RWR)(JMF).

United States District Court, District of Columbia.

May 22, 2009.

---

Camilla C. McKinney, Law Offices of Camilla C. McKinney, PLLC, Washington, DC, for Plaintiff.

Alexander Daniel Shoaibi, Fred Elmore Haynes, U.S. Attorney's Office, Kathryn A. Good, U.S. Postal Service, Washington, DC, for Defendant.

## MEMORANDUM OPINION

RICHARD W. ROBERTS, District Judge.

Plaintiff Roxann J. Franklin–Mason filed a motion to enforce a settlement agreement reached in her 1996 Title VII discrimination suit against the Secretary of the Navy,[1] her former employer, seeking damages for the Secretary's breach of the agreement. A magistrate judge issued a report and recommendation finding that subject matter jurisdiction existed, that the defendant was liable for only nominal damages for failing to place Franklin–Mason in the specific job position called for in the settlement agreement, and that the defendant did not otherwise violate the settlement agreement. Franklin–Mason filed objections to findings made on the merits.[2] Because this court lacks jurisdiction over Franklin–Mason's claim for damages exceeding $10,000, the case will be transferred to the United States Court of Federal Claims.

## BACKGROUND

The history and background of this case and the underlying motions at issue are discussed in *Franklin–Mason v. Dalton,* Civil Action No. 96–2505(RWR)(JMF), 2006 WL 825418 (D.D.C. Mar. 21, 2006). Briefly, Franklin–Mason, an African American woman, brought the original Ti-

---

1. B.J. Penn is substituted as the defendant under Fed.R.Civ.P. 25(d).

2. She did not object to a finding against her claim that the defendant inadequately funded a restored Thrift Savings Account that the settlement agreement called for.

tle VII action against her then former employer, the United States Navy, alleging that the defendant had discriminated against her on the basis of race and gender by failing to promote her to a position that she had applied for. The parties ultimately filed a settlement agreement and stipulation of dismissal which required the Navy to appoint Franklin–Mason as a Senior Financial Analyst/Advisor, and not assign her to be supervised or evaluated by certain named individuals and others in the Comptroller's Office. The agreement also stated that a party could seek from the court enforcement of the agreement and monetary damages should a breach of the agreement occur.

Franklin–Mason was re-employed but resigned from her GS–13 position in June 2004 because, she says, the defendant was not abiding by the settlement agreement. *Franklin–Mason*, 2006 WL 825418 at *7. (*See* Pl.'s Proposed Findings of Fact and Conclusions of Law, at 58–59.) In her motion to enforce the settlement agreement, Franklin–Mason argues that the defendant violated the agreement by 1) failing to appoint her to the promised Senior Financial Analyst/Advisor position; 2) failing to assign her duties and responsibilities commensurate with that position; and 3) failing to ensure that she would not be required to work directly for or be supervised by allegedly discriminatory officials, or that she would not be involved in any way with people employed by the Office of the Comptroller. (*See* Pl.'s Objections to Report and Recommendation ("Pl.'s Objec-

tions") at 1–2.) Franklin–Mason does not seek specific performance of the settlement agreement; instead, she seeks over $900,000 in damages and attorney's fees. (*See* Feb. 3, 2005 Hr'g Tr. 86:8–89:6, 91:5–91:18, 101:9–101:16; Pl.'s Proposed Findings of Fact and Conclusions of Law, at 48, 57, 58 n.1, 59–61.) *See also Franklin–Mason*, 2006 WL 825418 at *14.

A magistrate judge issued a report recommending awarding Franklin–Mason at best nominal damages for the Navy's failure to appoint her to the promised position, in breach of the settlement agreement.[3] As an initial matter, the report concluded the parties intended and did expressly stipulate that this court would retain jurisdiction to hear any motion to enforce the settlement agreement and award damages for a breach of it. It reasoned that

[a] claim for breach of a Title VII settlement agreement is a contract claim within the Tucker Act and belongs in the Court of Federal Claims unless this court, pursuant to the parties' agreement, retains jurisdiction to enforce the settlement agreement that resolved the Title VII action. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Rochon v. Gonzales*, 438 F.3d 1211, 1214 (D.C.Cir.2006) (citing *Hansson v. Norton*, 411 F.3d 231, 232 (D.C.Cir.2005) and *Brown v. United States*, 389 F.3d 1296, 1297 (D.C.Cir.2004)).

---

**3.** Regarding Franklin–Mason's first two bases for claiming a breach of the settlement agreement, the report determined that the defendant violated the settlement agreement by not giving Franklin–Mason the position described in the settlement agreement, and that her assignments were not "perfectly consistent" with the position that was described in the agreement. *Franklin–Mason*, 2006 WL 825418 at *13–14. However, the report and

recommendation concluded that Franklin–Mason was entitled "at best, to nominal damages." *Id.* at *15. Regarding Franklin–Mason's third basis, the report found no breach, explaining that the plain language of the settlement agreement did not require a "complete separation between the staff of [Franklin–Mason's] office and the staff of the Office of the Comptroller." *Id.* at *11–12.

*Franklin–Mason,* 2006 WL 825418 at *1–2.

Franklin–Mason objects to the report's failure to find a material breach of the settlement agreement and to recommend the damages she sought and attorney fees. (Pl.'s Objections at 3, 12.)

### DISCUSSION

The magistrate judge's report and recommendation is reviewed de novo. LCvR 72.3(c); *see also* Fed.R.Civ.P. 72; *Ames v. Yellow Cab of D.C., Inc.,* Civil Action No. 00–3116 (RWR), 2006 WL 2711546, at *4 (D.D.C. September 21, 2006).

■■■ Jurisdiction is an independent, preliminary issue that is resolved before analyzing the merits of the plaintiff's claims. *Greenhill v. Spellings,* 482 F.3d 569, 573 (D.C.Cir.2007) (citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and *Kidwell v. Department of the Army, Board for Correction of Military Records,* 56 F.3d 279, 284 (D.C.Cir. 1995)). The Tucker Act states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract[4] with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Greenhill,* 482 F.3d at 572. The Court of Federal Claims' jurisdiction is exclusive when such a claim "explicitly or in essence seeks money damages in excess of $10,000[.]" *Greenhill,* 482 F.3d at 572 (citing 28 U.S.C. § 1346(a); *Sharp v. Weinberger,* 798 F.2d 1521, 1523 (D.C.Cir.1986)) (determining that because plaintiff sought $210,000 in damages from the federal government in her attempt to enforce an agreement that settled com-

plaints of age and race discrimination, the Court of Federal Claims had exclusive jurisdiction); *see also Brown,* 389 F.3d at 1297 (remanding matter to the district court to dismiss without prejudice action against United States to enforce a Title VII settlement agreement because claim for damages exceeding $10,000 for breach of agreement fell within the exclusive jurisdiction of the Court of Federal Claims); *Murthy v. Schafer,* 579 F.Supp.2d 110, 113–114 (D.D.C.2008) (dismissing plaintiff's claims seeking over $10,000 against the USDA for breach of a Title VII settlement agreement as belonging in the Court of Federal Claims); *Baccus v. U.S. Dept. of Agriculture,* Civil Action No. 08–0012(ESH), 2007 WL 4616291 at *1 (D.D.C. November 27, 2007) (dismissing plaintiff's complaint against the USDA without prejudice where exclusive subject matter jurisdiction rested with the Court of Federal Claims because the plaintiff sought enforcement of a settlement agreement and an award upwards of $50,000); *Holmes v. Dep't of Navy,* 583 F.Supp.2d 431, 433–434 (W.D.N.Y.2008) (dismissing for lack of subject matter jurisdiction the plaintiff's claim against the Navy for $70 million in damages caused by a purported breach of a settlement agreement since any such claim would lie with the Court of Federal Claims).

■■ The report and recommendation based its conclusion that this court has jurisdiction to hear this claim on the opinions in *Kokkonen* and *Rochon.* In *Kokkonen,* none of the parties was the United States or a federal government entity. They agreed on a settlement and filed a joint motion to dismiss the complaint. When the petitioner supposedly breached the agreement, the respondent life insur-

---

4. "Settlement agreements are in the nature of contracts[,]" and "[t]he District of Columbia Court of Appeals treats settlement agreements as contracts." *Makins v. Dist. of Columbia,* 277 F.3d 544, 546, 548 (D.C.Cir.2002).

ance company sought enforcement of the agreement in district court. *Kokkonen,* 511 U.S. at 376–77, 114 S.Ct. 1673. The Supreme Court held that the district court lacked authority to enforce the agreement because, in part, the dismissal order did not include any provision retaining jurisdiction over the agreement. *Id.* at 381, 114 S.Ct. 1673. Unlike in *Kokkonen,* the Court of Federal Claims is granted exclusive jurisdiction over Franklin–Mason's attempt to enforce the settlement agreement against the government, and nothing in the language of *Kokkonen* indicates that parties can create jurisdiction over a claim for which jurisdiction is expressly reserved for a different body. Parties cannot by settlement agreement confer jurisdiction on a court over a claim that is exclusively the province of another court. *See Akinseye v. Dist. of Columbia,* 339 F.3d 970, 971 (D.C.Cir.2003) (stating that "no action of the parties can confer subject-matter jurisdiction upon a federal court").

Nor did *Rochon* hold otherwise. In *Rochon,* the district court had dismissed the plaintiff's claims of retaliation and discrimination brought as violations of both Title VII and a 1990 settlement agreement. *Rochon,* 438 F.3d at 1213. The court of appeals reversed and reinstated the Title VII claim because the district court applied an improperly stringent pleading standard in dismissing that claim. The court of appeals also directed the district court to determine whether the primary thrust of Rochon's claim of breach was a contract or tort claim for Tucker Act purposes, and whether the court had ancillary jurisdiction over that claim if it did lie in contract. *Id.* at 1215.

■■ Franklin–Mason argues that this court should exercise ancillary jurisdiction over her claim to enforce the settlement agreement. *Rochon,* though, did not purport to recognize district court jurisdiction over free-standing breach claims that oth-

erwise fall within the Court of Federal Claims' exclusive jurisdiction. Ancillary jurisdiction should be exercised only "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Dailey v. Park,* 468 F.Supp.2d 209, 212 (D.D.C.2007) (quoting *Kokkonen,* 511 U.S. at 379–380, 114 S.Ct. 1673; and *Foretich v. Am. Broad. Co., Inc.,* 198 F.3d 270 (D.C.Cir.1999)). Here, Franklin–Mason has filed a complaint in a separate action alleging discrimination and retaliation in violation of Title VII based on her attempt to enforce the settlement agreement, *Franklin–Mason v. Johnson,* Civil Action No. 03–945(RWR), which encompasses actions that occurred after she attempted to enforce the settlement agreement in this case. This court has no need to exercise ancillary jurisdiction over her breach claim to vindicate its authority or effectuate its decrees.

*CONCLUSION*

Because this court lacks jurisdiction over Franklin–Mason's claim to enforce the settlement agreement, her motion to enforce the settlement agreement will be transferred to the United States Court of Federal Claims. An appropriate order accompanies this Memorandum Opinion.