35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard R. POWE, Plaintiff-Appellant,
v.
SECRETARY OF THE NAVY, Defendant-Appellee.
 No. 94-1258.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1994.
Decided August 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-93-1156-A).
 Argued: Eugene Roy Fidell, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC. On brief: Jeffrey E. Rummel, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for Appellant.
 Argued: Lt. Col. Dennis Patrick Gallaher, Office of the Judge Advocate General, Department of the Navy, Alexandria, VA. On brief: Helen F. Fahey, United States Attorney, Theresa Carroll Buchanan, Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Howard Powe, a retired Navy Lieutenant Commander, applied to the Board for Correction of Naval Records (BCNR) requesting removal of a letter of reprimand and detachment for cause from his military personnel file and reinstatement to the list for promotion to the rank of Commander. The BCNR denied Powe's application, and Powe filed a second application raising an additional argument. The BCNR denied the second application, and Powe appealed. On review of the BCNR's decision pursuant to the Administrative Procedure Act, 5 U.S.C.A. Secs. 701-06 (West 1977), the district court granted the Secretary summary judgment. We affirm.
 
 I.
 
 2
 Powe was the executive officer and navigator of the USS De Wert when that ship ran aground in the Gray Canal, near the Straits of Magellan, on September 23, 1987. The investigating officer noted administrative errors and weaknesses in the navigation of the ship, but concluded that the grounding was caused by an inaccurate nautical chart and recommended that no punitive action be taken.
 
 
 3
 On March 19, 1988, the De Wert ran aground again in Guantanamo Bay, Cuba. Powe was still serving as the ship's executive officer and navigator. At this point, Powe had been selected for promotion to Commander, nominated for the promotion by the President, and confirmed by the Senate; only the effective date of the promotion was pending. The officer who investigated the second grounding opined that Powe had been derelict in his duties and recommended that Powe receive a punitive letter of reprimand.
 
 
 4
 That Powe had been involved in a second grounding apparently raised new concerns regarding his conduct during the Gray Canal incident. The Navy scheduled a nonjudicial punishment hearing, also known as an Admiral's mast, to determine whether Powe was derelict in his duties or improperly hazarded the ship during either the Gray Canal or Guantanamo Bay grounding.
 
 
 5
 The Navy offered Powe the opportunity to demand trial by courtmartial in lieu of a nonjudicial punishment hearing and furnished him a lawyer. Powe accepted the nonjudicial punishment hearing. He contends that he did not demand a court-martial because his Navy-appointed lawyer incorrectly advised him that nonjudicial punishment could not serve as a basis for removing him from the promotion list.
 
 
 6
 After the nonjudicial punishment hearing, Powe was issued a punitive letter of reprimand for the Guantanamo Bay grounding and a nonpunitive letter of caution for the Gray Canal incident. The nonpunitive letter stated that it would not become part of Powe's official record. Powe appealed the punitive action against him and his appeal was denied.
 
 
 7
 While Powe's appeal was pending the Commander of Cruiser-Destroyer Group Two recommended that Powe be detached from his ship for cause and removed from the promotion list. The Commander's recommendation twice referred to the nonpunitive letter of caution for the Gray Canal incident, in violation of a Navy regulation which provides that nonpunitive letters are private correspondence and are not part of the recipient's official records. Manual of the Judge Advocate General Sec. 0111(d).
 
 
 8
 On January 12, 1989, Powe filed an application with the BCNR requesting removal of the letter of reprimand from his record, reversal of the detachment for cause, and reinstatement to the rank of Commander. Powe's primary contentions were that evidence was withheld by the investigating officer, the investigating officer was not a disinterested party, and unlawful command influence had tainted the proceedings against him. He also complained of ineffective assistance of counsel and that other officers had been promoted despite committing equally serious infractions.
 
 
 9
 The BCNR denied Powe's application. Powe filed suit in the district court seeking review of the BCNR's decision, but voluntarily dismissed the complaint in order to have the BCNR reconsider his application. His second application raised a new argument, that the improper references to the nonpunitive letter invalidated his nonjudicial punishment.
 
 
 10
 The BCNR denied Powe's second application as well. Powe again filed suit, seeking to have the court direct the Secretary to remove the reprimand and detachment for cause from his record and set aside his removal from the promotion list. He sought no monetary damages. The Secretary moved alternatively for dismissal or summary judgment, and Powe moved for summary judgment.
 
 
 11
 The district court granted the Secretary summary judgment. It found that Powe was not prejudiced by the references to the nonpunitive letter because the Navy properly considered the underlying Gray Canal incident, and that Powe's claim of misadvice of counsel was properly disregarded because the only evidence supporting that claim was Powe's bare allegation. It found that Powe's other assertions of error did not warrant reversal. Powe now appeals.
 
 
 12
 On March 1, 1994, Powe voluntarily retired from the Navy. He was scheduled to retire in July, 1994.
 
 II.
 
 13
 The Tucker Act gives the federal district courts concurrent jurisdiction with the Claims Court for claims based in contract or federal law seeking money damages not exceeding $10,000 from the United States. 28 U.S.C.A. Sec. 1346(a)(2) (West 1993). When subject matter jurisdiction in the district court is based, in whole or in part, on the Tucker Act, the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction. 28 U.S.C.A. Sec. 1295(a)(2) (West 1993); Van Drasek v. Lehman, 762 F.2d 1065, 1068 (D.C.Cir.1985).
 
 
 14
 The Secretary contends that because Powe retired voluntarily March 1, 1994, four months before he was required to do so, the only benefit he could gain from a backdated promotion to Commander is back pay and increased retirement. Thus, although Powe's suit does not seek monetary damages, its ultimate goal is monetary relief. The Secretary concludes that Powe's action arises under the Tucker Act, and the Federal Circuit has exclusive jurisdiction over this appeal.
 
 
 15
 A suit which does not seek monetary damages does not arise under the Tucker Act simply because the plaintiff's success will result in eventual monetary gain from the government. Thus, a suit seeking a military discharge upgrade is not for money damages, even though an upgrade would entitle the recipient to payment for leave accrued at the time of discharge. Vietnam Veterans of Am. v. Secretary of the Navy, 843 F.2d 528, 534-35 (D.C.Cir.1988). Likewise, a suit for reinstatement does not arise under the Tucker Act since money damages were not sought, even though back pay would be awarded if reinstatement were granted. Ben-Shalom v. Secretary of the Army, 807 F.2d 982, 988 (Fed. Cir.1986).
 
 
 16
 Powe's suit does not seek monetary damages. Therefore, it does not arise under the Tucker Act and jurisdiction in this court is proper.
 
 III.
 
 17
 The district court's decision granting summary judgment is reviewed de novo. Felty v. Graves-Humphries Co., 818 F.2d 1126, 1127 (4th Cir.1987). Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McKinney v. Board of Trustees of Md. Community College, 955 F.2d 924, 928 (4th Cir.1992). The decision of the BCNR may be set aside if it is arbitrary, capricious, or not based on substantial evidence. See Chappell v. Wallace, 462 U.S. 296, 303 (1983).
 
 
 18
 10 U.S.C.A. Sec. 1552(a) provides for correction of military records when the Secretary of a military branch, acting through a board of correction, deems it "necessary to correct an error or remove an injustice." A board for correction of military records may decline to make a correction "if it determines that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice." 32 C.F.R. Sec. 723.3(e)(2) (1993).
 
 
 19
 On appeal, Powe contends that the district court erred in granting the Secretary summary judgment. He argues that his nonjudicial punishment and consequent detachment for cause and removal from the promotion list are invalid because they are the result of improper consideration of the nonpunitive letter and because he accepted nonjudicial punishment based on his Navy lawyer's incorrect legal advice. He also argues that the BCNR failed to adequately address his arguments that (1) his punishment was more severe than that received by others who committed offenses of equal or greater gravity, (2) the officer investigating the Guantanamo Bay incident was an interested party, and (3) a reversal of Navy policy which at the time of the groundings required a ship's executive officer to also serve as navigator should be taken into account in evaluating his conduct.
 
 
 20
 The district court granted summary judgment because it found that the evidence does not support Powe's assertion that the BCNR's decision was arbitrary, capricious, and not based on substantial evidence. After a careful review of the record, study of the briefs and legal authorities, and consideration of the oral arguments, we agree, and therefore affirm.
 
 AFFIRMED