**John R. VAN DRASEK, Captain, Appellant,**

v.

**John LEHMAN, Secretary of the Navy, et al.**

No. 83–2343.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 16, 1984.

Decided May 31, 1985.

Stuart Steinberg, with whom Stephen G. Milliken, Washington, D.C., was on the brief, for appellant.

Michael J. Ryan, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., R. Craig Lawrence, William J. Birney, Royce C. Lamberth, Asst. U.S. Attys., and Charles R. Gross, Captain, Office of the Judge Advocate Gen., Dept. of the Navy, Washington, D.C., were on the brief, for appellees.

Before TAMM, MIKVA and EDWARDS, Circuit Judges.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

The Federal Courts Improvement Act, 28 U.S.C. § 1295(a)(2) (1982), provides that the United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction over appeals from final decisions of a district court if the jurisdiction of that court was based "in whole or in part" on the Tucker Act, 28 U.S.C. § 1346(a)(2) (1982). Although neither party in this case raised the issue of this court's appellate jurisdiction, we find that appellant's action against the United States was based in part on the Tucker Act and that jurisdiction over the appeal therefore lies in the Federal Circuit. Accordingly, we transfer the case pursuant to 28 U.S.C. § 1631 (1982).

## I. BACKGROUND

John Van Drasek enlisted in the United States Marine Corps in 1965 and progressed steadily to the rank of captain. In April 1982 and March 1983, the Marine Selection Board passed over Captain Van Drasek for promotion to major, subjecting him to mandatory dismissal from the military pursuant to 10 U.S.C. § 632 (1982). Because he believed the decisions denying him promotion were unfairly and unlawfully based on evaluations from a superior officer with whom he had several conflicts, Van Drasek petitioned the Board for the Correction of Naval Records (BCNR) to void his superior's evaluation and order the Selection Board to reconsider his promotion to major.

After exhausting his administrative remedies without success, Van Drasek sued in the district court, claiming that his constitutional and statutory rights had been violated and that the BCNR had arbitrarily refused to order his reconsideration. Van Drasek also sought $9,999 in back pay. The district court denied all relief, and this appeal followed.

## II. DISCUSSION

### A.

The Federal Courts Improvement Act, 28 U.S.C. § 1295(a)(2), provides that the United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of appeals from final decisions of district courts "if the jurisdiction of that court was based, in whole or in part," on 28 U.S.C. § 1346(a)(2), the Tucker Act.[1] Section 1346(a)(2) gives district courts concurrent jurisdiction with the Claims Court over "[a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department...."

Captain Van Drasek's original complaint requested, *inter alia*, "a *Writ of Mandamus* ordering the Defendants to award all back pay and other benefits to which Plaintiff would be entitled had he been promoted when originally considered, if Plaintiff is found qualified and is, in fact, promoted to the rank of Major." Complaint at 42–43

---

1. The Tucker Act consists of 28 U.S.C. § 1491, which sets out the jurisdiction of the Claims Court, and § 1346(a)(2), which gives concurrent jurisdiction to the district courts for claims not exceeding $10,000. The Federal Circuit affec- tionately refers to the latter section as the "Little Tucker Act." *See, e.g., Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1575 n. 15 (Fed.Cir.1984).

(filed November 1, 1983). Recognizing a possible problem with jurisdiction over the back pay claim, United States District Judge Charles R. Richey asked the parties whether Van Drasek's claims for monetary relief should be heard by the Claims Court. In response, Van Drasek amended his complaint to waive all back pay in excess of $9,999.99. Amended Complaint at 50–51 (filed November 10, 1983). In a footnote to this claim for back pay, Van Drasek cited *VanderMolen v. Stetson*, 571 F.2d 617 (D.C.Cir.1977), a case which held that by waiving recovery in excess of $10,000, a plaintiff could bring suit in the district court under the Tucker Act, 28 U.S.C. § 1346(a)(2). Judge Richey rejected Van Drasek's claim on the merits, finding that the BCNR acted reasonably in denying his reconsideration for promotion to major.

#### B.

■ The plain language of the Federal Courts Improvement Act directs our attention not to the claims advanced on appeal but to the basis of the district court's original subject matter jurisdiction.[2] If the plaintiff makes any claim that invokes the jurisdiction of the district court under the Tucker Act, the entire case must be appealed to the Federal Circuit. *See* 28 U.S.C. § 1295(a)(2) (Federal Circuit has exclusive appellate jurisdiction if jurisdiction of the district court "was based, in whole *or in part*," on the Tucker Act (emphasis added)). As explained in greater detail below, for a claim in the district court to be based on the Tucker Act, it must (1) seek money (2) not exceeding $10,000 (3) from the United States and (4) be founded either upon a

contract or upon a provision of "the Constitution, or any Act of Congress, or any regulation of an executive department," 28 U.S.C. § 1346(a)(2), that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983). If any of these requirements are *not* met, the claim falls outside the scope of the Tucker Act, and this court would retain appellate jurisdiction over the entire case.

#### 1. *Money Claim.*

■ For reasons not germane to this appeal, the Supreme Court has limited the scope of the Tucker Act to claims for money. *See United States v. King*, 395 U.S. 1, 2–3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Although consent to suit is necessary for monetary and non-monetary claims alike, the Tucker Act is not implicated when the plaintiff seeks only declaratory and injunctive relief. In *Dronenburg v. Zech*, 741 F.2d 1388 (D.C.Cir.1984), for example, this court heard an appeal of an officer who alleged that the Navy had unconstitutionally discharged him for engaging in homosexual conduct. Dronenburg, like Van Drasek, originally sought reinstatement and money damages. Dronenburg, however, amended his complaint to eliminate any claim for money, leaving only claims for injunctive and declaratory relief. *Id.* at 1390 n. 2. This court found that 5 U.S.C. § 702 (1982) waived sovereign immunity for Dronenburg's non-monetary claims,[3] thereby permitting suit against the

**2.** Although neither Van Drasek nor the government raise the issue of this court's appellate jurisdiction, our duty to consider it *sua sponte* is well established. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511–14, 93 S.Ct. 2222, 2225–27, 37 L.Ed.2d 109 (1973). Since the enactment of the Federal Courts Improvement Act in 1982, we have received an increasing number of cases that should have been filed with the Federal Circuit. While we usually dispose of these cases by unpublished orders transferring the appeals to the Federal Circuit, *see, e.g., Corwin v. Lehman*, 724 F.2d 1577 (Fed.Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 2680, 81 L.Ed.2d 876 (1984); *Heisig v. United States*, 719 F.2d 1153 (Fed.Cir.

1983), we issue a published opinion in this case to alert counsel, especially those who regularly defend actions against the United States, to the impact of the Federal Courts Improvement Act upon our appellate jurisdiction.

**3.** Section 702, as amended in 1976, states that an "action in a court of the United States seeking relief other that [sic] money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the Unit-

United States in the district court under the general federal question statute, 28 U.S.C. § 1331 (1982).[4] Since Dronenburg made no claim for money damages, the jurisdiction of the district court could not have been based on the Tucker Act. This court's appellate jurisdiction was thus unaffected by the Federal Courts Improvement Act.[5] *See Jones v. Alexander*, 609 F.2d 778 (5th Cir.) (Tucker Act irrelevant where plaintiff waived all actual damages and sought mandamus to prevent his release from active duty and for correction of his military records), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980). *See also Blevins v. Orr*, 721 F.2d 1419 (D.C.Cir.1983) (affirming dismissal on the merits of claim by former Air Force officer for retroactive promotion but no back pay); *Matlovich v. Secretary of the Air Force*, 591 F.2d 852 (D.C.Cir.1978) (vacating and remanding dismissal of claims by former airman for declaratory and injunctive relief).

### 2. *Not in Excess of $10,000.*

The district court's jurisdiction under the Tucker Act is limited to claims not exceeding $10,000. 28 U.S.C. § 1346(a)(2). In *Doe v. United States Department of Justice*, 753 F.2d 1092 (D.C.Cir.1985), for example, this court considered and rejected the argument that the Federal Circuit had exclusive jurisdiction over an appeal from the district court. Doe, formerly an attorney for the Department of Justice, filed suit against the United States and individual defendants seeking reinstatement and back pay. On appeal, this court concluded that, although Doe did not specify the amount of the back pay sought, it must have been in excess of $10,000. Since the Tucker Act grants concurrent jurisdiction to the district court only in claims for less than $10,000, we concluded that the district court had no jurisdiction to adjudicate the back pay claim. Because it did not have jurisdiction to hear the back pay claim, the jurisdiction of the district court could not have been based, even in part, on the Tucker Act. We therefore properly exercised appellate jurisdiction over the case. *Id.* at 1101–02. *See also Hahn v. United States*, 757 F.2d 581, 587 n. 3 (3d Cir.1985).[6]

### 3. *Against the United States.*

The Tucker Act by its terms is limited to suits against the United States. Even if the United States is not a named defendant, however, "if 'the judgment sought would expend itself on the public treasury,'" the suit will be construed as one against the United States requiring a waiver of sovereign immunity. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (citations omitted). *See also Hill v. United States*, 571 F.2d

---

ed States." 5 U.S.C. § 702 (1982). As the court's discussion in *Dronenburg* suggests, even before section 702 was amended to explicitly waive sovereign immunity for non-monetary claims against the United States, sovereign immunity was no bar to federal employees seeking reinstatement from an unlawful discharge. *See, e.g., Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

**4.** Under *Dronenburg*, therefore, a district court has jurisdiction over a non-monetary claim even though the same facts giving rise to the non-monetary claim would support an action for money in the Claims Court. *Accord, Hahn v. United States*, 757 F.2d 581, 588–89 (3d Cir. 1985). *See also Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959).

**5.** Although the appeal in *Dronenburg* was filed after the effective date of the Federal Courts Improvement Act, the court did not address the Tucker Act issue in terms of its own jurisdiction. By finding that the Tucker Act did not preclude the district court from exercising jurisdiction, however, the court in essence completed the inquiry into its own jurisdiction.

**6.** In *Hahn*, the district court awarded the class action plaintiffs declaratory, injunctive, and an unspecified amount of monetary relief. The court of appeals reversed, finding that since the plaintiffs failed effectively to waive damages in excess of $10,000, the district court did not have jurisdiction over the monetary claim. The court remanded the monetary claims, granting the plaintiffs leave to amend their complaint to waive damages in excess of $10,000 and proceed in the district court or to take their monetary claims to the Claims Court. 757 F.2d at 587–88. As in *Doe*, the court in *Hahn* retained appellate jurisdiction over the entire case because the plaintiffs made no claim that fell within § 1346(a)(2).

1098, 1101 n. 5 (9th Cir.1978) (since the back pay airman demanded would come from the federal treasury, suit must be construed as one against the United States). *Cf. Industrial Indemnity, Inc. v. Landrieu,* 615 F.2d 644 (5th Cir.1980) (district court had jurisdiction over suit to recover construction retainages withheld because judgment would be satisfied from a specific fund within the control of HUD and not from the federal treasury). On the other hand, suits brought against a federal official in his individual capacity for violations of a plaintiff's constitutional rights are not suits that require the consent of the United States, and the Tucker Act is not implicated. *See, e.g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See generally* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3655 (1985).

### 4. *Substantive Right to Compensation.*

■ Although it waives sovereign immunity, the Tucker Act " ' "does not create any substantive right enforceable against the United States for money damages." ' " *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983) (citations omitted). Thus, for a claim to be based on the Tucker Act, it must be founded either upon a contract or upon a provision in "the Constitution, or any Act of Congress, or any regulation of an executive department," 28 U.S.C. § 1346(a)(2), that "can fairly be interpreted as mandating

compensation by the Federal Government for the damages sustained." *Mitchell,* 103 S.Ct. at 2968.[7]

In *Clark v. Library of Congress,* 750 F.2d 89 (D.C.Cir.1984), for example, the plaintiff sought to base his money claim against the United States on the government's violation of his first amendment rights. The court found that the taking clause of the fifth amendment is the only provision of the Constitution that can fairly be interpreted as mandating compensation; the first amendment, therefore, does not provide a basis for any substantive right to compensation from the federal government under the Tucker Act. *Id.* at 103 n. 31. Clark's claim, therefore, was insufficient to invoke the jurisdiction of the district court under the Tucker Act, *id.,* and this court properly retained appellate jurisdiction over the entire case.[8]

■ In sum, if any of the plaintiff's claims meets the four requirements set out above, the jurisdiction of the district court is based in part on the Tucker Act, and appellate jurisdiction over the entire case lies in the Federal Circuit. To this general rule, we recognize two limited exceptions. First, in extraordinary circumstances the sheer frivolity of the plaintiff's Tucker Act claim on the merits may be sufficient to deprive the district court of jurisdiction under the Tucker Act. *See Healy v. Sea Gull Specialty Co.,* 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915).[9] Second, a claim may be brought under statutes that independently confer jurisdiction upon the district court and waive sovereign immunity for

---

**7.** *Mitchell* makes clear that the existence of a substantive right to recovery against the United States is a *jurisdictional* prerequisite to suit under the Tucker Act. In *Mitchell,* the claimants sued under the "Indian Tucker Act," 28 U.S.C. § 1505, seeking money damages for alleged breaches of trust in connection with the United States' management of forest reserves on an Indian reservation. The issue in the case was whether various statutes governing the management of Indian timber could fairly be interpreted as creating a substantive right to recovery. Having found such a substantive right, the Court concluded that the "Claims Court therefore has jurisdiction over respondents' claims." 103 S.Ct. at 2974. *But see Hahn v. United States,* 757 F.2d 581, 588 n. 4 (3d Cir.1985) (dicta)

(existence of a substantive right to recovery is not a jurisdictional matter).

**8.** In *Hostetter v. United States,* 739 F.2d 983, 985 (4th Cir.1984), the court expressly declined to decide whether the district court's jurisdiction could have been based on the Tucker Act because it found that since the discharged employee was not entitled to reinstatement on the merits, no pay would be due in any event. Under our analysis, such ambivalence toward the original basis of the district court's jurisdiction does not comport with the mandate of the Federal Courts Improvement Act.

**9.** Under the Federal Courts Improvement Act, the Federal Circuit also has exclusive appellate

money claims against the United States. Such a claim, although falling within the scope of the Tucker Act, will not be deemed to be "based on" the Tucker Act for the purposes of determining appellate jurisdiction.[10]

## C.

Although neither the district court's memorandum opinion nor the briefs filed in this appeal explicitly address Van Drasek's claim for back pay, we find inescapable the conclusion that Van Drasek's suit in the district court was based in part on the

Tucker Act. Van Drasek's amended complaint expressly seeks money not exceeding $10,000 from the United States.[11] Van Drasek's substantive right to compensation is founded upon an Act of Congress, 10 U.S.C. § 1552, which authorizes boards for the correction of military records to award back pay. *See Sanders v. United States,* 594 F.2d 804, 808–11 n. 11, 219 Ct.Cl. 285 (1979), *cited with approval in Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). Van Drasek's claim for monetary relief is far from frivolous. Finally, no statute other than the Tucker

---

jurisdiction over appeals from final decisions of a district court if the jurisdiction of the district court was based on 28 U.S.C. § 1338(a), which provides that the district courts shall have jurisdiction over civil actions relating to patents. The Senate Report to this provision states that "immaterial, inferential, and frivolous allegations of patent questions will not create jurisdiction in the lower court," and therefore not in the Federal Circuit. S.Rep. No. 275, 97th Cong., 1st Sess. 20 (1981), *reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 30.

**10.** The textual statement conflicts with language found in many cases suggesting that the Claims Court's jurisdiction is exclusive over claims that fall within the Tucker Act. As the court stated in *Graham v. Henegar,* 640 F.2d 732, 734 (5th Cir.1981), "courts confronting the issue have consistently held that the Court of Claims is the sole forum for the adjudication of such a claim, even though the claim would otherwise fall within the coverage of some other statute conferring jurisdiction on the district court." (citing cases). Indeed, there seems to be some confusion in this circuit. *Compare Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1101 (D.C.Cir.1985) ("Jurisdiction for those monetary claims against the United States exceeding $10,-000 lies exclusively with the Claims Court.") *with Trans-Bay Engineers & Builders, Inc. v. Hills,* 551 F.2d 370, 376–77 (D.C.Cir.1976) (Tucker Act does not bar suit in the district court for claims against the United States exceeding $10,-000 because the National Housing Act, 12 U.S.C. § 1702, waives sovereign immunity, and 28 U.S.C. § 1331 provides subject matter jurisdiction).

Upon close analysis, this conflict is more apparent than real. As the court stated in *Ghent v. Lynn,* 392 F.Supp. 879, 881 (D.Conn.1975), "[i]n fact, the jurisdiction of the Court of Claims for suits claiming more than $10,000 is not exclusive; rather, there is rarely any statute available that waives sovereign immunity for suits in the district court, other than the Tucker Act with its $10,000 limit." The proper inquiry, then, is

whether the statute or statutes relied upon by the plaintiff manifest a congressional intent to consent to suits for money claims against the United States in the district courts notwithstanding the limitations found in the Tucker Act.

In *Munoz v. Small Business Administration,* 644 F.2d 1361 (9th Cir.1981), for example, the Ninth Circuit held that the district court had jurisdiction over money claims exceeding $10,-000 against the Small Business Administration under 15 U.S.C. § 634(b)(1), which states that the administrator of the SBA may sue and be sued in district court without regard to the amount in controversy. Similarly, we held in *National Treasury Employees Union v. Campbell,* 589 F.2d 669 (D.C.Cir.1978), that the district court had jurisdiction over damages claims under 5 U.S.C. § 8912, which provides that the "district courts of the United States have original jurisdiction, concurrent with the Court of Claims, of a civil action or claim against the United States founded on this chapter." *See also Ferguson v. Union National Bank,* 126 F.2d 753, 756–57 (4th Cir. 1942) (12 U.S.C. § 1702 not only waives sovereign immunity but also confers subject matter jurisdiction in the federal courts). *Cf. Portsmouth Redevelopment & Housing Authority v. Pierce,* 706 F.2d 471, 475 (4th Cir.) (42 U.S.C. § 1404a, another "sue and be sued" statute, does not give district courts jurisdiction over money claims falling thereunder because, unlike 12 U.S.C. § 1702, it does not contain the critical language "in any court of competent jurisdiction, State or Federal"), *cert. denied,* — U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

**11.** That Van Drasek's claim for back pay is framed within a request for a writ of mandamus in no way affects this finding. Jurisdiction under the Tucker Act cannot be avoided by so disguising a money claim. *See Portsmouth Redevelopment & Housing Authority v. Pierce,* 706 F.2d 471, 474 (4th Cir.) ("Claims Court jurisdiction cannot be avoided by framing an essentially monetary claim in injunctive or declaratory terms"), *cert. denied,* — U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

Act waives sovereign immunity for the relief Van Drasek seeks. The jurisdiction of the district court was therefore based, albeit only in part, on the Tucker Act.[12]

### III. CONCLUSION

By basing appellate jurisdiction on the original jurisdiction of the district court, the Federal Courts Improvement Act introduces yet another twist to the already unnecessarily complex law of federal court jurisdiction. The burden of wading through this jurisdictional quagmire outweighs, we think, the limited utility of providing uniform adjudication of such relatively small money claims against the United States. Until Congress sees fit to revisit the issue, however, we cannot ignore the mandate of the Act. We therefore transfer this case to the Federal Circuit pursuant to 28 U.S.C. § 1631.

*So ordered.*

---

**12.** This decision is in accord with recent cases that this court has transferred, by unpublished order, to the Federal Circuit. In *Heisig v. United States,* 719 F.2d 1153 (Fed.Cir.1983), the plaintiff challenged a decision of the Army Board for Correction of Military Records in the district court. Like Van Drasek, Heisig preserved jurisdiction in the district court by waiving any recovery in excess of $10,000. *Id.* at 1156 n. 8. After the district court denied all relief, Heisig appealed to this court, and we transferred the appeal to the Federal Circuit. Similarly, in *Corwin v. Lehman,* 724 F.2d 1577 (Fed.Cir.), *cert.* *denied,* — U.S. —, 104 S.Ct. 2680, 81 L.Ed.2d 876 (1984), Naval Reserve officers challenged in the district court their involuntary transfers, requesting declaratory and injunctive relief as well as damages. The appeal from the district court's dismissal was originally lodged in this court. Upon an unopposed motion by the government, however, this court transferred the appeal to the Federal Circuit. *Id.* at 1578. *See also Maier v. Orr,* 754 F.2d 973 (Fed.Cir.1985) (military back pay claim for under $10,000 appealed from District Court for the District of Hawaii to Federal Circuit).