887 F.2d 1094
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas Robert STIMAC, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Defendant-Appellee.
Thomas Robert STIMAC, Plaintiff-Appellant,
v.
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, Defendant-Appellee.
 Nos. 89-1374, 89-1422.
 United States Court of Appeals, Federal Circuit.
 Aug. 4, 1989.
 
 Before ARCHER, Circuit Judge.
 
 ORDER
 
 1
 In response to a request to discuss whether the court has jurisdiction over Thomas Robert Stimac's appeals, the Executive Office for the United States Attorneys moves to dismiss and Stimac contends that the court has jurisdiction. In the alternative, Stimac moves to transfer to the United States Court of Appeals for the District of Columbia Circuit.
 
 
 2
 Appeal no. 89-1374 stems from a Freedom of Information Act request brought by Stimac in the United States District Court for the District of Columbia. The complaint contains no claim for money damages.* Similarly, appeal no. 89-1422 stems from a FOIA request by Stimac in the district court. The complaint in that case does not contain a claim for money damages either.
 
 
 3
 For a claim in the district court to be based on the Tucker Act, it must, inter alia, seek money damages. See Van Drasek v. Lehman, 762 F.2d 1065 (D.C.Cir.1985). Here, the claim clearly was not based on the Tucker Act and we, therefore, lack jurisdiction over Stimac's appeals. See 28 U.S.C. 1295.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Stimac's motions to transfer are granted.
 
 
 6
 (2) The government's motions to dismiss are moot.
 
 
 
 *
 Stimac contends that his request for costs and attorney fees satisfies the monetary requirement of the Tucker Act