56 F.3d 1531
 312 U.S.App.D.C. 461
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ralph DANIELS, Appellant,
v.
UNITED STATES DEPARTMENT OF THE INTERIOR, Appellee.
 No. 94-5131.
 United States Court of Appeals, District of Columbia Circuit.
 May 25, 1995.
Rehearing and Suggestion for Rehearing in banc
Denied Aug. 2, 1995.
 
 Before: WILLIAMS, GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 In December 1990, appellant Ralph Daniels brought suit in federal district court against his former employer, the United States Park Police, Department of the Interior, after the Department refused to grant him medical reimbursement for back surgery he underwent in 1989 and leave during his period of recuperation. Daniels claimed he was entitled to this relief because his back injury occurred in the line of duty. He requested relief in the form of damages of $35,000 "plus consequential and punitive damages" or in the alternative declaratory relief and mandamus to the agency to reimburse him for his medical expenses and grant him the requested leave. The district court dismissed Daniels's action as barred by collateral estoppel and res judicata, due to a settlement Daniels reached in an earlier lawsuit with appellee.
 
 
 3
 We find that the district court did not have jurisdiction over appellant's claims. A party bringing a claim against a federal agency must identify not only the source of his substantive right but also a specific waiver of sovereign immunity that permits his claim to be heard. United States v. Mitchell, 445 U.S. 535, 538 (1980). Daniels identified no waiver of sovereign immunity other than that of the Tucker Act, 28 U.S.C. Sec. 1346(a)(2). But Daniels seeks more than $35,000 in damages, and the Tucker Act gives district courts original jurisdiction concurrent with the Court of Claims only for claims against the United States up to $10,000. Appellant's claims for declaratory relief and mandamus, moreover, are simply requests that the court order appellee to pay the damages; as such, they do not provide an independent basis of jurisdiction. See Hubbard v. Administrator, EPA, 982 F.2d 531, 532-539 (D.C.Cir.1992) (en banc) (declining to read 5 U.S.C. Sec. 702's waiver of sovereign immunity for specific relief "other than money damages" as including backpay, citing repeated Supreme Court statements that waivers of sovereign immunity are to be construed strictly); Van Drasek v. Lehman, 762 F.2d 1065, 1071 n. 11 (D.C.Cir.1985) (district court jurisdiction cannot be manufactured by "disguising a money claim" as an equitable one).
 
 
 4
 Finally, because we agree with the district court's judgment that plaintiff is barred by his settlement agreement from claiming that he was injured in the line of duty, we find that transfer to the Court of Claims would be wasteful and not "in the interest of justice". See 28 U.S.C. Sec. 1631 (1988).
 
 For the above stated reasons, it is
 
 5
 ORDERED and ADJUDGED that the district court's judgment granting appellee's motion to dismiss be affirmed.
 
 
 6
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).