# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 7, 2018   Decided October 12, 2018

No. 17-5246

FRANK PALACIOS,
APPELLANT

v.

RICHARD V. SPENCER, SECRETARY OF THE NAVY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-02110)

*Michael D.J. Eisenberg* argued the cause and filed the briefs for appellant.

*Rachel F. Homer*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief were *Jessie K. Liu*, U.S. Attorney, and *Alisa B. Klein*, Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: GRIFFITH, *Circuit Judge*, and EDWARDS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Frank Palacios sought judicial review of a decision of the Board for Correction of Naval Records. The district court, after determining that it lacked subject-matter jurisdiction, dismissed Palacios's complaint, denied his motion for leave to amend the complaint, and rejected his motion to transfer the case to the United States Court of Federal Claims. *Palacios v. Spencer*, 267 F. Supp. 3d 1 (D.D.C. 2017). Palacios appeals each of the district court's rulings.

Palacios served in the U.S. Marine Corps from 1992 to 1995. He received an other-than-honorable discharge stemming from his pattern of misconduct. In about 2002 and 2009, he sought an upgrade of his discharge on the basis that his misconduct resulted from his mental and physical disabilities. The Naval Discharge Review Board denied both of his requests. Palacios then asked the Board for Correction of Naval Records to correct his records. The Correction Board denied his request in 2010.

In response, Palacios filed an action for judicial review of the Correction Board's decision in the Court of Federal Claims. The Claims Court dismissed his suit as untimely under the statute of limitations applicable to his wrongful-discharge claim. *Palacios v. United States*, 100 Fed. Cl. 656 (2011). The Federal Circuit affirmed. *Palacios v. United States*, No. 2012-5028, 2012 WL 2415348 (Fed. Cir. Mar. 8, 2012) (per curiam) (unpublished order).

This appeal arises from Palacios's request that the Correction Board reconsider its decision. After the Board denied this request in 2015, Palacios filed suit in the United States District Court for the District of Columbia. He claimed that the Board's denial of reconsideration was arbitrary and capricious, unsupported by substantial evidence, and contrary to

law under the Administrative Procedure Act, 5 U.S.C. § 706(2). His prayer for relief asked the district court to enter judgment correcting his disability rating and discharge, awarding costs and attorneys' fees, and "[g]ranting Plaintiff appropriate back pay and benefits that would natural[ly] flow from the upgrade in discharge status." In the alternative, he asked the district court to remand to the Correction Board for consideration on the merits.

The government moved to dismiss on the ground that Palacios's complaint fell outside the applicable statute of limitations and that it asserted a claim under the Tucker Act over which the Court of Federal Claims had exclusive jurisdiction. In his opposition to the government's motion to dismiss, Palacios moved for leave to amend his complaint by dropping his request for money damages or, in the alternative, to transfer the case to the Court of Federal Claims.

When a party in the district court moves to transfer the case to the Court of Federal Claims, *see* 28 U.S.C. § 1631, a statutory procedure is triggered: "no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion," 28 U.S.C. § 1292(d)(4)(B). If the district court grants or denies the motion, the Federal Circuit has "exclusive jurisdiction of an appeal" from that order. 28 U.S.C. § 1292(d)(4)(A). If there is an appeal, the district court's "proceedings shall be further stayed until the appeal has been decided." *Id.* § 1292(d)(4)(B).

The district court in this case did not follow this statutory procedure, perhaps because neither Palacios nor the government brought the governing statutes to the court's attention. The district court, rather than staying its proceedings, denied Palacios's transfer motion, granted the government's motion to

dismiss, and denied Palacios's motion for leave to amend his complaint.

Because the Federal Circuit has exclusive jurisdiction over appeals from orders granting or denying the transfer of an action to the Court of Federal Claims, we dismiss for want of jurisdiction Palacios's appeal from that aspect of the district court's judgment. *See Murthy v. Vilsack*, 609 F.3d 460, 461–64 (D.C. Cir. 2010).

As to the district court's dismissal of the complaint, we agree that the court lacked subject-matter jurisdiction over Palacios's complaint.[1] The complaint expressly demanded the entry of a judgment including an award of back pay exceeding $10,000. Under the Tucker Act, the Court of Federal Claims therefore had exclusive jurisdiction over this claim.[2] *See* 28

---

[1] While the district court should have waited to rule on the government's motion to dismiss and Palacios's motion for leave to amend until 60 days after it denied the transfer motion, 28 U.S.C. § 1292(d)(4)(B), the court's failure to follow that procedure poses no obstacle to our review. As an initial matter, Palacios has forfeited any argument about this statute. Moreover, the time for Palacios to appeal the denial of his transfer motion to the Federal Circuit has long since expired. *See* Fed. R. App. P. 4(a)(1)(B); *Sanghi v. West*, 168 F.3d 1318, 1998 WL 568814 (Fed. Cir. 1998) (unpublished table decision) (declining jurisdiction over appeal under § 1292(d)(4) filed seven months after the district court's order issued). Requiring the district court on remand to wait 60 days before reinstating these orders and then requiring Palacios to once again appeal to this court would further delay our review without providing Palacios any additional benefit.

[2] The district courts and the Court of Federal Claims generally share jurisdiction over Little Tucker Act claims, i.e., those not exceeding $10,000. *See* 28 U.S.C. § 1346(a)(2). Palacios alleged

U.S.C. §§ 1346(a)(2), 1491(a); *Schwalier v. Hagel*, 734 F.3d 1218, 1220–22 (D.C. Cir. 2013); *Sawyer v. United States*, 930 F.2d 1577, 1580–81 (Fed. Cir. 1991); *Van Drasek v. Lehman*, 762 F.2d 1065, 1067–72 (D.C. Cir. 1985).

Palacios argues that primarily his complaint sought to correct his military records and that the essence of his complaint was therefore not monetary. We "look only to the essence of a complaint in the *absence* of an explicit request for monetary relief." *Schwalier*, 734 F.3d at 1221. Our decisions examining a complaint's essence therefore do not apply. *See, e.g.*, *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 169, 173–77 (D.C. Cir. 2006); *Kidwell v. Dep't of the Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284–86 (D.C. Cir. 1995). It follows that the district court correctly dismissed the complaint for lack of subject-matter jurisdiction. *See, e.g.*, *Fisher-Cal Indus., Inc. v. United States*, 747 F.3d 899, 902–03 (D.C. Cir. 2014).

In opposing the government's motion to dismiss, Palacios sought leave to amend his complaint in order to drop his demand for back pay. The district court properly denied his motion. The amendment would have been futile. Aside from the Tucker Act jurisdictional problem, the Board's denial of Palacios's request for reconsideration is not subject to judicial review because Palacios alleges only "material error" in the agency's original decision. *Sendra Corp. v. Magaw*, 111 F.3d 162, 166 (D.C. Cir. 1997) (quoting *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 279 (1978)). As we explained in *Sendra*, when an agency

---

before the Claims Court that he is owed back pay in excess of $10,000, and the district court properly read his complaint to seek an amount above that threshold. *See, e.g.*, *Monk v. Sec'y of the Navy*, 793 F.2d 364, 370 (D.C. Cir. 1986); *Doe v. Dep't of Justice*, 753 F.2d 1092, 1101 (D.C. Cir. 1985).

merely affirms its original decision in denying a petition for reconsideration, it has not rendered a judicially reviewable decision. *Id.* at 167. We have recognized two exceptions to this general rule. Neither applies here.

First, a denial of reconsideration may be reviewable, albeit under an especially deferential standard of review, when the requesting party raises "'new evidence' or 'changed circumstances.'" *Sendra*, 111 F.3d at 166 (quoting *Locomotive Eng'rs*, 482 U.S. at 278). This is so even when the governing statute or regulation allows for reconsideration on other bases, such as new argument or material error. *See Locomotive Eng'rs*, 482 U.S. at 277–78. Palacios concedes that his request for reconsideration raised only a new argument, so this exception does not apply.

Second, courts may review an agency's decision if the agency, despite denying reconsideration, "clearly states or indicates that it has reopened the matter." *Sendra*, 111 F.3d at 167. Otherwise, we do not "look behind the agency's formal disposition of the reconsideration request to see whether the agency 'in fact' reopened its original decision." *Id.* (quoting *Locomotive Eng'rs*, 482 U.S. at 280). Here the Corrections Board used boilerplate language in summarily denying Palacios's request.[3] This falls far short of the clear indication of reopening required to review an agency's denial of reconsideration.

---

[3] "After careful and conscientious consideration of the entire record, the Board found that the new argument made by your attorney to the effect that the misconduct which resulted in your discharge was causally connected to your 'diminished physical and mental condition' stemming from an injury to your lumbar spine, was insufficient to warrant further consideration of your application. Accordingly, the Board denied your request."

The district court lacked jurisdiction over Palacios's complaint, and it correctly determined that amendment to cure the jurisdictional defect would have been futile. We therefore dismiss the appeal with respect to the motion to transfer and affirm with respect to the motions to dismiss and for leave to amend.

*Dismissed in part and affirmed in part.*